Hon. John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR24-145-JCC |
| Plaintiff, | |
| | PROTECTIVE ORDER <s>(PROPOSED)</s> |
| v. | |
| GEOFFREY K. AUYEUNG, | |
| Defendant. | |

This matter, having come to the Court's attention on the Stipulated Motion for Protective Order, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. The material that is described in the Stipulated Motion is deemed "Protected Material."

2. The United States will make available copies of the Protected Material to defense counsel to comply with the government's discovery obligations. Possession of the Protected Materials is limited to defense counsel, as well as her investigators, paralegals, assistants, law clerks, and experts (collectively, the "members of the defense

STIPULATED PROTECTIVE ORDER- 1
*United States v. Auyeung*, CR24-145

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

team"). The members of the defense team may not provide copies of the Protected Material to other persons, including the Defendant himself.

3. The members of the Defendant's defense team may share and review the Protected Material with the Defendant. The Defendant is permitted to review the Protected Material in his counsel's presence or on a computer screen that his counsel may share during remote meetings. The Defendant is prohibited from retaining a copy of the Protected Material or from disseminating the discovery. In the event that the Defendant was in custody, defense counsel may provide him with Protected Material through the process established by BOP for providing such Protected Material.

4. The members of the defense team acknowledge that providing copies of the Protected Material to the Defendant and other persons is prohibited and agree not to provide copies of the Protected Material to persons outside of the defense team. This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, witnesses, and the Court and defense as necessary to comply with the government's discovery obligations.

5. Additional types of discovery items may be deemed by the parties to constitute Protected Material upon agreement, or (if no agreement can be reached) by further order of the Court.

6. Nothing in this order should be construed as imposing any discovery obligations on the government or defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules. The failure to designate any material as Protected Material shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

7. Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to

STIPULATED PROTECTIVE ORDER- 2
*United States v. Auyeung*, CR24-145

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

seal their filings as a matter of course. The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

8. Nothing in this Stipulation shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. The parties agree that in the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on defense counsel, she shall bring any concerns about the terms of the Order to the attention of the government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court by way of a motion.

9. The provisions of this Order shall not terminate at the conclusion of this prosecution.

DATED this ___8th___ day of <u>October</u> 2024.

_____
HON. JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE

Presented by:

s/ *Yunah Chung*
YUNAH CHUNG

STIPULATED PROTECTIVE ORDER- 3
*United States v. Auyeung*, CR24-145

```
 1  JEHIEL I. BAER
    Assistant United States Attorneys
 2

 3  s/ Robert Flennaugh
 4  ROBERT FLENNAUGH
    Law Office of Robert Flennaugh II, PLLC
 5  Attorney for Geoffrey K. Auyeung

 6  s/ Jeffrey B. Coopersmith
 7  JEFFREY B. COOPERSMITH
    Corr Cronin LLP
 8  Attorneys for Geoffrey K. Auyeung

 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
```

STIPULATED PROTECTIVE ORDER- 4
*United States v. Auyeung*, CR24-145

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970