Hon. John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

GEOFFREY K. AUYEUNG,

Defendant.

NO. CR24-145-JCC

[~~PROPOSED~~]

**PRELIMINARY ORDER OF FORFEITURE**

The United States, by and through its undersigned counsel, moves pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(b) for a Preliminary Order of Forfeiture forfeiting, to the United States, Defendant Geoffrey Auyeung's interest in the following property ("Subject Property"):

       a.     Approximately $616,113.45 in United States funds seized from Bank of America account -1204, held in the name of Legacy Energy Logistics Transport Group, LLC;

       b.     Approximately $574,951.72 in United States funds seized from Bank of America account -9305, held in the name of Energo Horizons Logistics (EA) LLC;

Preliminary Order of Forfeiture - 1
*United States v. Auyeung*, CR24-145-JCC

c.    Approximately $350,401.95 in United States funds seized from Bank of America account -1655, held in the name of Geoffrey K. Auyeung;

d.    Approximately $309,130.43 in United States funds seized from Bank of America account -0062, held in the name of Green Tree Gateway LLC;

e.    Approximately $207,860.32 in United States funds seized from Boeing Employee Credit Union account -7917, held in the name of Geoffrey K. Auyeung;

f.    Approximately $131,285.12 in United States funds seized from First Tech Credit Union account -0986, held in the name of Maria Auyeung;

g.    Approximately $86,262.60 in United States funds seized from Bank of America account-2026, held in the name of Apex Oil and Gas Trading LLC;

h.    Approximately $84,201.84 in United States funds seized from Bank of America account -3847, held in the name of Navigator Energy Logistics LLC;

i.    Approximately $61,726.68 in United States funds seized from KeyBank account ending in -1504, held in the name of Maria Auyeung;

j.    Approximately $50,493.21 in United States funds seized from Bank of America account -1580, held in the name of Sea Forest International LLC;

k.    Approximately $50,136.27 in United States funds seized from KeyBank account ending in -4069, held in the name of Maria Auyeung;

l.    Approximately $2,713.07 in United States funds seized from Boeing Employee Credit Union account -5228, held in the name of Maria Auyeung;

m.    Approximately $17,309.11 in United States currency seized from the residence of Defendant Geoffrey K. Auyeung;

n.    All funds – including cryptocurrencies – seized from BitStamp USA, Inc. account ending in  -8090, registered to Apex Oil and Gas Trading, LLC, including, but not limited to:

i.    approximately $59,992.54 in United States funds;

Preliminary Order of Forfeiture - 2
*United States v. Auyeung*, CR24-145-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ii.      approximately 194.30078 USDC;

iii.     approximately 0.03134323 BTC;

iv.     approximately 0.11161516 ETH;

v.      approximately 790.27769 USDT; and

vi.     approximately 62238.94266516 XRP; and

o.      One Audi SQ8, VIN WA1CWBF16RD008854.

The Court, having reviewed the United States' Combined Motion for Order of Forfeiture and Preliminary Order of Forfeiture, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture regarding the Subject Property is appropriate for the following reasons:

1.      The Subject Property is forfeitable pursuant to 18 U.S.C. § 982(a)(1), as it is property that was involved in, or traceable to property involved in *Conspiracy to Commit Money Laundering*, in violation of 18 U.S.C. § 1956(h); and

2.      In the Plea Agreement he entered on February 20, 2026, Defendant agreed, pursuant to 18 U.S.C. § 982(a)(1), to forfeit his interest in any property that was involved in, or traceable to property involved in *Conspiracy to Commit Money Laundering* (Dkt. No. 39 ¶ 13).

NOW, THEREFORE, THE COURT ORDERS:

1.      Pursuant to 18 U.S.C. § 982(a)(1), and Defendant Auyeung's Plea Agreement, Defendant's interest in the Subject Property is fully and finally forfeited, in its entirety, to the United States;

2.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)–(B), this Preliminary Order will be final as to Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

Preliminary Order of Forfeiture - 3
*United States v. Auyeung*, CR24-145-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3. The Department of Homeland Security, Custom and Border Protection, and/or its authorized agents or representatives shall maintain the Subject Property in its custody and control until further order of this Court;

4. Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the Subject Property as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in the property, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

b. shall be signed by the petitioner under penalty of perjury; and,

c. shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5. If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6. If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture,

Preliminary Order of Forfeiture - 4
*United States v. Auyeung*, CR24-145-JCC

pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7.      The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 6th day of May 2026.

THE HON. JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE

Presented by:

*s/ Jehiel I. Baer*
JEHIEL I. BAER
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-2242
Fax: (206) 553-6934
Jehiel.Baer@usdoj.gov

Preliminary Order of Forfeiture - 5
*United States v. Auyeung*, CR24-145-JCC